**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SONGHUI MARTIN,                              DOCKET NUMBER
                    Appellant,               SF-0351-16-0620-I-1

            v.

DEPARTMENT OF DEFENSE,                       DATE: July 19, 2022
                    Agency.


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Charleston, South Carolina, for the appellant.

<u>Douglas W. Frison</u>, Esquire, APO, AP, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's jurisdictional analysis, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a school nurse at Daegu High School (DHS) in the Korea District of the agency's Department of Defense Education Activity (DoDEA), filed a board appeal alleging that the agency subjected her to a reduction-in-force (RIF) action when it eliminated her half-time teaching position, reducing her to a half-time school nurse. Initial Appeal File (IAF), Tabs 1, 9. In its response to her appeal, the agency explained that the appellant occupied a mixed teacher/specialist position at DHS and that, based on anticipated enrollment for the following school year, its headquarters office eliminated the half-time English as a Second Language (ESL) position at DHS that the appellant occupied the previous school year. IAF, Tab 4 at 6-7. Consequently, the agency "excessed" the appellant from that position in keeping with the procedures set forth in the memorandum of understanding on that issue between DoDEA and the union. *Id.* at 87-88, 104-05.

The administrative judge issued an order explaining the elements and burdens of establishing jurisdiction over an appeal of a RIF action. IAF, Tab 8.

In her response, the appellant contended that the agency excessed her even though it allowed less tenured and qualified teachers to remain in their full-time positions. IAF, Tab 9 at 4. She also claimed that the agency used the RIF as a "disguised, procedurally defective adverse action" intended to demote her to a part-time position for personal reasons. *Id.* at 4-5. In reply, the agency argued, among other things, that the appellant failed to produce any evidence that it conducted a RIF that affected her. IAF, Tab 11.

¶4　　Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to show that any of the conditions necessary to establish jurisdiction existed in this matter. IAF, Tab 14, Initial Decision (ID). In her petition for review, the appellant reiterates the arguments she made below, i.e., that the agency used a bogus RIF to demote her for personal reasons. Petition for Review (PFR) File, Tab 3. The agency responds in opposition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　To be entitled to a jurisdictional hearing over a RIF claim, the appellant must make a nonfrivolous allegation that she was subjected to an appealable RIF action in the form of a demotion, separation, or furlough for more than 30 days. *See Harrell v. U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009); *Wolf v. Department of Veterans Affairs*, 87 M.S.P.R. 33, ¶ 7 (2000); 5 C.F.R. § 351.901. Here, the appellant claims that she was subjected to an appealable RIF action when the agency demoted her from a full-time to a part-time position. IAF, Tabs 1, 9; PFR File, Tab 3. For the following reasons, we agree with the administrative judge's decision to dismiss the appeal for lack of jurisdiction.

The appellant failed to make a nonfrivolous allegation that the agency subjected her to an appealable RIF action in the form of a demotion.

¶6　　A demotion is defined in pertinent part as a change of an employee, while serving continuously within the same agency, to a lower grade or to a position

with a lower rate of pay. 5 C.F.R. § 210.102(b)(4). Although the appellant may have lost half of her hours as a consequence of excessing the ESL teacher position that she held, she has not alleged that the agency reduced her rate of pay or assigned her to a lower-graded position. Therefore, she has failed to nonfrivolously allege that she was demoted. *See Wolf*, 87 M.S.P.R. 33, ¶¶ 8-10 (finding that a "staff adjustment" resulting in a reduction of hours but not in a reduction of the rate of pay or grade was not a demotion). Accordingly, we find that the appellant has failed to nonfrivolously allege that she was subjected to an appealable RIF action. *See id.*, ¶ 11.[2]

¶7        In the initial decision, the administrative judge ultimately found that the appellant had "not shown that any of the conditions necessary to establish jurisdiction in such a case existed here." ID at 5. However, the appellant at this stage was required only to make a nonfrivolous allegation of jurisdiction to entitle her to a jurisdictional hearing, at which time she then must establish jurisdiction by preponderant evidence. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (finding that an appellant who makes a nonfrivolous allegation of Board jurisdiction is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence; if she fails to prove jurisdiction, the case is dismissed for lack of jurisdiction). Therefore, we modify the initial decision to dismiss the appeal based on the appellant's failure to nonfrivolously allege jurisdiction. *E.g.*, *Harrell*, 112 M.S.P.R. 492, ¶ 11.

¶8        Finally, the appellant raised below and on review claims that the agency demoted her based on discrimination and retaliation. IAF, Tabs 1, 9; PFR File, Tab 3. Absent an otherwise appealable action, however, the Board lacks

---

[2] To the extent that the appellant is arguing that the Board has jurisdiction because the agency reassigned her, an employee reassigned during a RIF may appeal to the Board only if the reassignment was a RIF demotion, i.e., a reassignment to a position carrying a lower grade or rate of pay. *Myers v. Department of the Army*, 87 M.S.P.R. 77, ¶ 5 (2000).

jurisdiction over the appellant's discrimination and retaliation claims.  *E.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (observing that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶9        Accordingly, we deny the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for _____

                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.